## CULBERTSON v. McGINNIS.

### No. 4886.

Court of Appeal of Louisiana.

Second Circuit.

Feb. 5, 1935.

Watkins & Watkins, of Minden, for appellant.

Spearing & McClendon, of New Orleans, and Land & Kinnebrew, of Homer, for appellee.

TALIAFERRO, Judge.

The Ford sedan of plaintiff and a gravel-laden truck of defendant, driven by an employee, sideswiped on a narrow embankment of a road in Claiborne parish, with the result that the sedan was knocked off of the road, turned over, and was seriously damaged. Plaintiff brought this suit to recover the sum of $260, the alleged difference between the value of his car when injured and its trade in value on a new car. The embankment where the collision occurred is about 40 feet long and not over 12 feet wide. It is located across a depression from each end of which the road ascends hill sides, and is much wider. The sedan was 6 feet wide and the truck, with body overhang, was wider. There was not width enough of the road on the embankment for them to pass. The truck, being much heavier, the car was forced off of the road, with the results above stated.

Plaintiff alleges that he saw the truck approaching from the west and brought his own car to a near stop on the narrow road, and assumed that defendant's driver would do likewise, but instead of doing so, and without reducing his speed, tried to rush by petitioner's car in a careless and reckless manner, thereby knocking his car off of the road; that said truck driver, by mere observation, could have seen that he could not pass plaintiff's car on said road, and, in attempting to do so, brought about the collision, all through his own fault. The petition does not state which vehicle reached the embankment first.

Defendant avers that his truck was the first to enter upon the narrow part of said highway and that the collision occurred because plaintiff did not stop his car before entering thereon, but, on the contrary, continued to drive same at a fast rate of speed toward the truck and, in the attempt to pass same, collided therewith and left the road. He avers that the driver of the truck, after realizing that plaintiff intended to try to pass him, pulled the truck as far to the right as could safely be done at the time and place.

In the alternative, the contributory negligence of plaintiff in the above-mentioned respects is pleaded as a bar to his right to recover, should it be found and held that defendant's agent's negligence to any extent or in any manner caused the accident.

Defendant filed exception of no cause of action and no right of action to the petition, which was not passed on by the lower court. The benefits under the exception were reserved in his answer.

Plaintiff's demands were rejected and this appeal is prosecuted by him.

We are not certain the exception is without merit, but as we have reached the conclusion that plaintiff's case has not been made out on the merits, we shall not pass on the exception.

There were only two eyewitnesses to the accident, viz., plaintiff and defendant's driver. When the case was tried, the driver was not present, at least, he did not testify. Defendant is engaged in road construction work and he, with his organization, moves from place to place. Presumably, his insurer is defending the suit. Plaintiff testified in his own behalf, but the lower court evidently decided that he had not made out his case.

Plaintiff is a rural mail carrier. He had traveled over the road where the accident occurred daily for many years. He was therefore well acquainted with it and knew two cars could not pass on the embankment. The east approach to the embankment, over which plaintiff was traveling, slopes gradually a distance of 200 yards to the east end of the embankment. The road from the west end of the embankment makes a sharp curve as it ascends the hillside. Plaintiff says he was about half way of the 200-yard slope when he glimpsed defendant's truck through the bushes around the bend 250 feet away. He says he then knew it was impossible for them to pass on the embankment. He further says he only traveled 50 feet until the collision occurred and was moving very slowly when the bottom was reached. If he had only traveled 50 feet after glimpsing the truck, he would not have reached the embankment by 150 feet. He also says the collision occurred at the bend and that the truck had traveled 250 feet, after he first saw it, to reach this point. He admits the driver pulled the truck as far as he could to his right in the attempt to prevent a collision. In another place in his testimony, plaintiff says he was on the embankment when he first saw the truck 250 feet away; yet he was unable to cover 40 feet while the truck was making 250 feet, and still, in another version of the matter, he says he was 300 feet from the

truck when he first saw it, and, feeling that "something was going to happen," immediately applied his brakes, which he says were working efficiently, yet he could not stop his car in time to avert the collision. He was then going only 20 miles per hour and the truck's speed was about 50 per cent. greater. Again, he says he was not on the embankment when he first glimpsed the truck. In other material respects, his testimony is as equally contradictory.

This testimony is so equivocal and indefinite, we are unable to decide therefrom exactly how and why the collision occurred. It is probable that when plaintiff saw the truck on the opposite side of the embankment, as he says, 250 feet distant, he undertook to cross over the embankment hurriedly so as to clear it before the truck turned the bend on the opposite side. The truck driver's vision toward the embankment was obstructed by the bushes and undergrowth on the hillside. When he turned the bend at the west end of the embankment, the truck being heavily loaded, it could not be stopped in time to allow plaintiff, who had reached the embankment first, to reach the wider part of the road. This truck had not hauled gravel over this road prior to the date of the accident, and, therefore, the driver was not intimately acquainted therewith, as was plaintiff.

Plaintiff says the collision occurred midway of the embankment. There is no testimony to the contrary. If this be true, the truck, going faster than his car, may have gotten on the embankment first. From plaintiff's own admission that he saw the heavily loaded truck through the bushes, approaching the embankment on the opposite side of the depression 250 feet away, we think the situation then such that prudence dictated that he should wait until the truck had passed over the dangerous section of the road before he undertook to cross it. Also, from his own evidence, there appears no good reason for him not bringing his car to a stop before going on the embankment. Going at the rate of 20 miles per hour, even on a slight down grade, the car should have been brought to a stop within a few feet. Even should it be held that the truck's driver was negligent in approaching the embankment at too rapid rate of speed, certainly plaintiff was guilty of negligence, under his own version of the affair, of such a character that bars recovery by him.

We do not think the proof submitted by plaintiff of that character and sufficiency to warrant a judgment in his favor. He carried the burden of proving his case, but he failed to do so.

Judgment affirmed, with costs.